IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ALFONSO RIVERA-GUADIANA                                                    PETITIONER

VERSUS                                                              NO. 1:12CV395-HSO-RHW

RON KING and JIM HOOD                                                 RESPONDENT

### PROPOSED FINDING OF FACT AND RECOMMENDATIONS

Before the Court is Alfonso Rivera-Guadiana's 28 U.S.C. § 2254 petition for writ of

habeas corpus.  In the petition, Rivera-Guadiana raised the following ineffective assistance of

counsel claims:  (1) whether counsel failed to object or move for a mistrial and failed to file a

motion to dismiss his indictment; (2) whether counsel caused Petitioner to waive his right against

self-incrimination; (3) whether counsel failed to object and move to suppress photos of the

alleged victim; (4) whether counsel waived Petitioner's right to a fast and speedy trial; (5)

whether counsel failed to object to Jury Instruction D-9 and failed to move for a mistrial or a new

trial when the trial court refused to give Jury Instruction D-9; and (6) whether counsel waived

Petitioner's right to argue directed verdict by not properly attacking the issue during trial.  Upon

review and consideration of the pleadings, records on file, and relevant legal authority, the

undersigned  recommends that the petition be denied and dismissed with prejudice.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 16, 2009, Alfonso Rivera-Guadiana was convicted of sexual battery in the

First Judicial District Circuit Court of Harrison County, Mississippi.  *See* doc. [10-1] at 66.  The

trial court sentenced Rivera-Guadiana to a term of twenty-five years in the custody of the

Mississippi Department of Corrections.  *Id.*  Rivera-Guadiana, along with new counsel, appealed

his conviction and sentence to the Mississippi Court of Appeal claiming that:  (1) the trial court

erred in refusing Jury Instruction D-9; and (2) the verdict was against the overwhelming weight

of the evidence. In an opinion dated September 6, 2011, the Mississippi Court of Appeals

affirmed Rivera-Guadiana's conviction and sentence. *See Rivera-Guadiana v. State of*

*Mississippi*, 71 So.3d 1221 (Miss. Ct. App. 2011).

On November 18, 2011, Rivera-Guadiana filed a pro se "Application for Leave to

Proceed in the Trial Court" in the Mississippi Supreme Court arguing that he was deprived of

liberty without due process of law because the evidence was insufficient to support a conviction.

Doc. [10-5] at 91. On January 18, 2012, the Mississippi Supreme Court denied the application,

finding that the application failed to make a substantial showing of the denial of a state or federal

right as required by Miss. Code Ann. § 99-39-27(5). *Id.* at 90.

Rivera-Guadiana filed a second "Application for Leave to File Petition for Post-

Conviction Collateral Relief" in the Mississippi Supreme Court where he raised the following

grounds for ineffective assistance of counsel: (1) whether counsel should have objected and filed

a motion to quash or demur the indictment; (2) whether counsel caused petitioner to waive his

right against self-incrimination; (3) whether counsel should have objected and moved to suppress

photos of the victim; (4) whether counsel waived petitioner's right to a fast and speedy trial; (5)

whether counsel failed to advise petitioner of the elements of the charge; and (6) whether counsel

failed to advise petitioner of the consequences if petitioner took the witness stand. Doc. [10-5] at

59. The Mississippi Supreme Court dismissed Rivera-Guadiana's second application, without

addressing the merits, as a procedurally barred successive writ pursuant to Miss. Code Ann. § 99-

39-27(9). *Id.* at 58.

Rivera-Guadiana next filed an "Application for Leave to File Amended Petition for Post-Conviction Relief" on August 3, 2012.  *See* doc. [10-5] at 4.  In that application to amend, he raised additional issues alleging ineffective assistance of counsel:  (1) that counsel failed to object to Jury Instruction D-9 and failed to move for a mistrial or a new trial when the trial court refused to give Jury Instruction D-9; and (2) that counsel waived petitioner's right to argue directed verdict by not properly attacking the issue during trial.  *Id.* at 9-15.  The application was dismissed as moot by the Mississippi Supreme Court based on the finding that the application for post-conviction relief had already been dismissed and, therefore, there was no application to amend.  *Id.* at 2.

Rivera-Guadiana filed the instant 28 U.S.C. § 2254 petition on December 17, 2012.  Doc. [1].  On February 15, 2013, Respondent answered and argued that Grounds Five and Six of Rivera-Guadiana's petition had never been properly presented to the state's highest court; and that Grounds One through Four were presented for the first time in Rivera-Guadiana's second application for post-conviction relief which was held to be a successive petition by the Mississippi Supreme Court.  Doc. [9].  Accordingly, Respondent argues that the petition should be dismissed with prejudice.  In rebuttal, Rivera-Guadiana argues that his limited English (Spanish is his first language) serves as an external impediment to overcome the procedural bar.  Doc. [15].

## LAW AND ANALYSIS

### (1) Grounds One through Four:  State Procedural Bar

It is undisputed that Rivera-Guadiana first presented Grounds One through Four when he filed his second application for post-conviction relief in State court.  The Mississippi Supreme

Court held this application to be barred as successive pursuant to Miss. Code Ann. § 99-39-27(9).  Section 99-39-27(9) states in relevant part that "the dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this article."  Respondent argues that Grounds One through Four of Rivera-Guadiana's § 2254 petition are barred from federal review, absent exceptional circumstances, because these claims were denied by the state court pursuant to an independent and adequate state law.  *See Coleman v. Thompson*, 501 U.S. 722 (1991).

When a state prisoner defaults federal claims in state court pursuant to an independent and adequate state procedural rule, the federal courts may not review the prisoner's habeas petition unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.  *Stokes v. Anderson*, 123 F.3d 858, 859 (5th Cir. 1997).  A state procedural rule is considered adequate if it is strictly or regularly followed.  *Id.* The petitioner bears the burden to prove that a particular state procedural rule is not strictly or regularly followed.  *Id.* at 860.  To do so, the petitioner must demonstrate that the state has failed to apply the procedural bar to claims identical or similar to those raised by the petitioner himself. *Id.*

The Fifth Circuit has recognized that the successive writ bar set forth in Mississippi Code § 99-39-23(6) for motions for post-conviction relief filed in the trial court is an independent and adequate bar.  *Moawad v. Anderson*, 143 F.3d 942, 947 (5th Cir. 1998).  At issue in the present case is Mississippi Code § 99-39-27(9), which bars second or successive petitions filed in the appellate court.  The undersigned discerns no meaningful distinction between § 99-39-23(6) and

§ 99-39-27(9) that would preclude the latter's operation as a bar to habeas review in this case.

Rivera-Guadiana has made no effort in his petition or pleadings to demonstrate that the

Mississippi Supreme Court has not applied § 99-39-27(9) strictly or regularly to claims similar to

his.  Hence, he has failed to meet his burden.  *See Stokes*, 123 F.3d at 860-61.

### (2) Grounds Five and Six:  Unexhausted Claims

With respect to Grounds Five and Six, Respondent argues that Rivera-Guadiana failed to

exhaust these claims;  therefore, they also are procedurally barred.  Section 2254 provides in

pertinent part, "[a]n application for a writ of habeas corpus on behalf of a person in custody

pursuant to the judgment of a State court shall not be granted unless it appears that... the

applicant has exhausted the remedies available in the courts of the State."  § 2254(b)(1)(A).

Further, "[a]n applicant shall not be deemed to have exhausted the remedies available in the

courts of the State, within the meaning of this section, if he has the right under the law of the

State to raise, by any available procedure, the question presented."  § 2254(c).  Prisoners must

give state court systems the full opportunity to resolve federal constitutional claims through the

established state appellate review process prior to filing in federal court.  *O'Sullivan v. Boerckel*,

526 U.S. 838, 845 (1999).  Generally, the prisoner must present his claims before the state's

highest court in a procedurally proper manner.  *Id.*

Grounds Five and Six of Rivera-Guadiana's federal habeas corpus petition were first

presented to the state court in Rivera-Guadiana's motion to amend post-conviction relief

application.  The Mississippi Supreme Court dismissed Rivera-Guadiana's motion to amend as

moot because the court already had dismissed the application that he sought to amend.  Hence,

the undersigned finds that Grounds Five and Six have not been exhausted because they were not

considered on their merits.

Even if Rivera-Guadiana were to attempt to exhaust Grounds Five and Six at this point,

they would be procedurally barred because the claims would be deemed successive either

pursuant to Miss. Code Ann. § 99-39-23(6) or Miss. Code Ann. § 99-39-27(9).  When state

remedies are unavailable due to a petitioner's own procedural default, federal courts are barred

from reviewing those claims.  *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995).  Because

Ground Five and Six of Rivera-Guadiana's petition are procedurally barred, this court cannot

review their merits unless he can demonstrate cause for the default and actual prejudice as a

result of the alleged violation of federal law, or demonstrate that failure to consider the claims

will result in a fundamental miscarriage of justice.  *Morris v. Dretke*, 413 F.3d 484, 491-92 (5th

Cir. 2005).

The undersigned recognizes that Ground Six of Rivera-Guadiana's petition arguably was

presented to the Mississippi Supreme Court in his initial application for post-conviction relief.

Under the heading "Specific Facts Within Petitioner's Personal Knowledge" Petitioner stated

that his trial counsel was ineffective for not arguing a claim on "Motion for Directed Verdict"

and on "Motion for peremptory instruction of 'not guilty'", and his appellant counsel was

ineffective for not arguing the claim on "direct appeal".  Doc. [10-5] at 99.  Rivera-Guadiana did

not identify these as claims or grounds upon which the application itself was based.  *See id.* at 93.

Nor did he offer any argument regarding ineffective assistance of counsel.  *See id.* at 94-98.

Even if the undersigned were to consider this claim as properly exhausted in state court, it fails to

meets the standard for constitutionally ineffective assistance of counsel.

In order to establish ineffective assistance of counsel, the petitioner must prove first that his attorney's performance was deficient, and second, that he was prejudiced by this deficient performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Failure to make the required showing of either deficient performance or sufficient prejudice defeats an ineffective assistance claim. *Id.* at 700. Judicial scrutiny of counsel's performance is highly deferential and must avoid second guessing. *Id.* 689. Such scrutiny must avoid the distorting effects of hindsight. *Dowthitt v. Johnson*, 230 F.3d 733, 743 (5th Cir. 2000). To establish prejudice requires a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. Counsel's deficient performance must be "so serious as to deprive him of a fair trial, a trial whose result is reliable." *Id.* at 687.

In his § 2254 petition, Rivera-Guadiana merely stated that "he was rendered ineffective assistance of counsel as counsel waived his right to argue direct verdict by not properly attacking the issue during trial." Although he identifies an alleged deficiency in counsel's performance, Rivera-Guadiana fails to explain what, if any, prejudice resulted from the alleged deficient performance. In his rebuttal, Petitioner argues against the procedural bar but does not attempt to argue the merits of any of his underlying claims, including Ground Six. Accordingly, even if the undersigned were to consider Ground Six as properly exhausted, the claim lacks constitutional merit.

### (3) Exceptions to Procedural Default

As explained above, with the arguable exception of Ground Six, all of Rivera-Guadiana's claims are procedurally barred. In an effort to overcome this procedural bar, Rivera-Guadiana argues that a language barrier serves as an external impediment, thereby demonstrating cause of

the "cause and prejudice test".  In order to show cause the movant must demonstrate that some objective factor external to his defense prevented him from raising the claim in the initial motion for post-conviction relief.  *United States v. Flores*, 981 F.2d 231, 235 (1993).  The Seventh Circuit has held that language barriers, illiteracy, or lack of education, or circumstances that simply impede communication, do not constitute a showing of cause.  *See Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010).  Similarly, the Fifth Circuit has held that communication impediments such as illiteracy, deafness, or lack of training in the law do not amount to cause.  *See Flores*, 981 F.2d at 236.  Moreover, a review of Rivera-Guadiana's pleadings both in State court and in this Court indicates that he has had no difficulty in filing *pro se* pleadings, despite his alleged language barrier.

Based on the foregoing, the undersigned finds that Rivera-Guadiana's language barrier does not constitute an external impediment, and therefore does not constitute cause.  Because Rivera-Guadiana has not shown cause, it is unnecessary for this Court to determine whether there is actual prejudice.  *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).  Moreover, Rivera-Guadiana cannot demonstrate a fundamental miscarriage of justice because he has not asserted that he is actually innocent of the underlying conviction.  *See Hughes v. Quarterman*, 530 F.3d 336, 341-42 (5th Cir. 2008).  Consequently, Rivera-Guadiana has failed to meet his burden to overcome any procedural bar.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Rivera-Guadiana's 28 U.S.C. § 2254 petition be denied and dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 8th day of October, 2013.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE