IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ALFONSO RIVERA-GUADIANA                                    PETITIONER

VERSUS                            CIVIL ACTION NO. 1:12cv395-HSO-RHW

RON KING and JIM HOOD                                     RESPONDENT

MEMORANDUM OPINION AND ORDER OVERRULING
PETITIONER'S OBJECTIONS, ADOPTING PROPOSED
FINDINGS OF FACT AND RECOMMENDATION, AND DENYING
PETITION FOR WRIT OF HABEAS CORPUS

This matter is before the Court on Petitioner Alfonso Rivera-Guadiana's

Objections [18] to the Proposed Findings of Fact and Recommendation [16] of

United States Magistrate Judge Robert H. Walker.  After thoroughly reviewing the

Proposed Findings of Fact and Recommendation, the record, the position of

Petitioner advanced in his Objections, and relevant law, the Court finds that

Petitioner's Objections [16] should be overruled and that the Magistrate Judge's

Proposed Findings of Fact and Recommendation [16] should be adopted as the

finding of the Court.  Petitioner Alfonso Rivera-Guadiana's 28 U.S.C. § 2254

Petition [1] for Writ of Habeas Corpus should be denied and this case dismissed

with prejudice.

I.  BACKGROUND

A.     State Court Proceedings

On July 27, 2009, a grand jury of the Circuit Court of Harrison County,

Mississippi, First Judicial District, returned an indictment against Petitioner

Alfonso Rivera-Guadiana ["Petitioner"] for sexual battery in violation of Mississippi Code § 97-3-95(a)(1).  R. [10-1] at 10.  On December 16, 2009, Petitioner was found guilty of sexual battery following a jury trial.  *Id.* at 66.  The trial court sentenced Petitioner to twenty-five (25) years in the custody of the Mississippi Department of Corrections.  *Id.*  With the assistance of new appellate counsel, Petitioner appealed his conviction and sentence to the Mississippi Court of Appeals.  Petitioner presented two arguments on direct appeal: (1) the trial court erred in refusing instruction D-9 concerning reasonable doubt; and (2) the verdict was against the overwhelming weight of the evidence.  R. [10-4] at 6, 9-13.  The Mississippi Court of Appeals found no error on either ground and affirmed Petitioner's conviction and sentence on September 6, 2011.  *Id.* at 52-58; *see also Rivera-Guadiana v. State of Miss.*, 71 So. 3d 1221 (Miss. Ct. App. 2011).

Petitioner then filed in the Mississippi Supreme Court a *pro se* Application for Leave to Proceed in the Trial Court to file the attached Motion for Post-Conviction Relief.  R. [10-5] at 91.  Petitioner argued that he was deprived of liberty without due process of law because the evidence was insufficient to support a conviction of the crime charged in the indictment.  *Id.* at 93.  The Mississippi Supreme Court denied Petitioner's Application on January 18, 2012, "find[ing] that the application fails to make a substantial showing of the denial of a state or federal right as required by Miss. Code Ann. § 99-39-27(5)."  *Id.* at 90.

On or about May 8, 2012, Petitioner filed a second Application for Leave to File Petition for Post-Conviction Collateral Relief in the Mississippi Supreme Court.

-2-

R. [10-5] at 59.  For the first time, Petitioner asserted that he was rendered ineffective assistance of counsel in the following ways: (1) "his counsel should have objected and file[d] a motion to quash or to demurr [sic] the indictment, as the indictment fails to give him sufficient notice of what he should be charged with sexual battery or rape"; (2) "counsel cause [sic] him to waive his right against self incrimination" by "advis[ing] the petitioner to take the stand and give an account of how the alleged sexual assault was suppose to have not been a crime"; (3) "counsel should have objected and moved to suppress the photos of the alleged victim"; (4) "counsel waived his right to a fast and speedy trial"; (5) "counsel failed to advise him of the elements of the charge"; and (6) "counsel failed to inform him of the consequences if he took the witness stand and incriminate himself."  *Id.* at 66-80. Without addressing the merits, on July 10, 2012, the Mississippi Supreme Court denied Petitioner's Second Application as procedurally barred as a successive writ, pursuant to Mississippi Code § 99-39-27(9).  *Id.* at 58.

On or about August 8, 2012, Petitioner filed in the Mississippi Supreme Court an Application for Leave to File Amended Petition for Post-Conviction Collateral Relief.  R. [10-5] at 4.  Petitioner raised the following new, additional grounds alleging ineffective assistance counsel: (1) "counsel did not object or move for a mistrial or a new trial on the trial court's error when it refused to give jury instruction D-9"; and (2) "counsel waived his right to argue direct [sic] verdict by not properly attack [sic] the issue during trial."  *Id.* at 9-15.  Because the Mississippi Supreme Court had previously denied Petitioner's Second Application, the Court

-3-

found Petitioner's request to amend to be moot. *Id.* at 2. The Court therefore
dismissed as moot Petitioner's Application for Leave to File Amended Petition for
Post-Conviction Collateral Relief. *Id.*

B.    <u>Section 2254 Petition</u>

On December 17, 2012, Petitioner filed his 28 U.S.C. § 2254 Petition [1] for
Writ of Habeas Corpus in this Court. The Petition advances six grounds claiming
that Petitioner was rendered ineffective assistance of counsel by his trial counsel
and counsel on direct appeal:

(1)    "counsel should have objected and move [sic] for a mistrial, and
filed a motion to dismiss his indictment, or a motion to quash or
demurr [sic] the indictment on the grounds that the indictment
failed to give him sufficient notice as to what he should have been
charged with sexual battery or rape. He was unable to prepare a
defense, counsel fail [sic] to raise this issue on direct appeal";

(2)    "counsel caused him to waive his right against self incrimination";

(3)    "counsel should have objected and moved to suppress the photos of
the alleged victim";

(4)    "counsel waived his right to a fast and speedy trial, counsel filed
the motion but did not re-raise the issue during trial or direct
appeal";

(5)    "counsel did not object or move for a mistrial or a new trial on the
trial court error when it refuse [sic] to give jury instruction D-9"; and

(6)    "counsel waived his right to argue direct [sic] verdict by not
properly attacking the issue during trial."

Petition [1] at 5-9.

Respondent Ron King ["Respondent"] filed an Answer to the Petition on
February 15, 2013. Answer [9] at 1. According to Respondent, Petitioner's
ineffective assistance claims raised in Grounds Five and Six were never properly
presented to the state's highest court, and Petitioner's ineffective assistance claims

raised in Grounds One through Four were presented in Petitioner's Second Application for Leave to File Petition for Post-Conviction Collateral Relief which was held to be barred as a successive petition pursuant to Mississippi Code § 99-39-27(9). *Id.* at 7, 10. Respondent therefore argues that the Petition should be dismissed with prejudice. *Id.* at 14. In his Rebuttal [15], Petitioner alleges that he faces a "lingual disability" and has been victimized by inmate "writ-writers," both of which he classifies as "external impediments" which should overcome the procedural bar. Rebuttal [15] at 2-3.

C.    Magistrate Judge's Proposed Findings of Fact and Recommendation

The Magistrate Judge entered a Proposed Findings of Fact and Recommendation [16] on October 8, 2013. With respect to Grounds One through Four, the Magistrate Judge determined that Petitioner had presented these grounds when he filed his Second Application for post-conviction relief in the Mississippi Supreme Court, and that the Supreme Court dismissed Petitioner's Second Application without addressing the merits as procedurally barred as a successive writ under Mississippi Code § 99-39-27(9). R. [10-5] at 58. The Magistrate Judge found that Mississippi Code § 99-39-27(9) operated as a bar to habeas review of Grounds One through Four and that Petitioner had failed to meet his burden of overcoming this procedural bar. Proposed Findings of Fact and Recommendation [16] at 4-5, 7-8.

As for Grounds Five and Six, the Magistrate Judge concluded that Petitioner first presented these grounds to the state court in his motion to amend post-

conviction relief, which the Mississippi Supreme Court dismissed as moot.  The Magistrate Judge found that these two grounds were not exhausted because they were not considered on their merits.  *Id.* at 5-6.  If Petitioner were to attempt to exhaust Grounds Five and Six at this point, they would be procedurally barred because they would be deemed successive either pursuant to Mississippi Code § 99-39-23(6) or § 99-39-27(9), and Petitioner failed to overcome this procedural bar.  *Id.* at 5-8.

To the extent that Ground Six was arguably presented to the Mississippi Supreme Court in Petitioner's initial application for post-conviction relief such that it is exhausted, the Magistrate Judge found that this claim fails to meet the standard for constitutionally ineffective assistance of counsel because Petitioner failed to allege what, if any, prejudice resulted from the alleged deficient performance.  *Id.* at 6-7.  Based on these findings, the Magistrate Judge recommended that the § 2254 Petition be denied and this case be dismissed with prejudice.  *Id.* at 8.

D.    Petitioner's Objections

Petitioner submitted Objections to the Proposed Findings of Fact and Recommendation [16], asserting that he has met the state court procedural requirements under Mississippi Code § 99-39-1.  Obj. [18] at 3.  With respect to Ground Six, Petitioner contends that the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984), which the Magistrate Judge cited in his Proposed Findings of Fact and Recommendation [16] controls.  Obj. [18] at 3.  Liberally

construing his *pro se* pleadings, Petitioner seems to argue that trial counsel's failure to move for a directed verdict and to preserve the issue for direct appeal constitutes sufficient prejudice under *Strickland*, or at least that his ineffective assistance claims constitute sufficient "cause and prejudice" to overcome any procedural bar. *Id.* at 5, 8.

## II. DISCUSSION

### A.   Standard of Review

Because Petitioner has filed written Objections [18] to the Magistrate Judge's Proposed Findings of Fact and Recommendation [16], the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Rule 8(b) of Rules Governing Section 2254 Cases in the United States District Courts. "Such review means that this Court will examine the entire record and will make an independent assessment of the law." *Lambert v. Denmark,* Civil No. 2:12-cv-74-KS-MTP, 2013 WL 786356, *1 (S.D. Miss. Mar. 1, 2013). In conducting a de novo review, the Court is not "required to reiterate the findings and conclusions of the magistrate judge." *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

### B.   Procedural Defaults and the *Martinez* Exception

Having conducted a de novo review of the record, the Court agrees with the conclusions reached by the Magistrate Judge and will adopt his Proposed Findings of Fact and Recommendation. However, in considering whether Petitioner had overcome the procedural default bar to federal habeas relief, the Magistrate Judge

did not explicitly address the United States Supreme Court's holding in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). The Court feels it appropriate to consider Petitioner's Objections in light of *Martinez*, but ultimately finds that the exception to the procedural bar recognized in *Martinez* is inapplicable here.

      1.    <u>Exceptions to Procedural Defaults</u>

The Supreme Court has held that

> [i]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The Supreme Court "recognize[s] the important interest in finality served by state procedural rules, and the significant harm to the States that results from the failure of federal courts to respect them." *Id.*

"A state procedural rule that bars consideration of an issue is not adequate unless it is 'strictly or regularly followed.'" *Stokes v. Anderson*, 123 F.3d 858, 859 (5th Cir. 1997) (quoting *Johnson v. Miss.*, 486 U.S. 578, 587 (1988)). "Put differently, to produce a federally cognizable default, the state procedural rule must have been firmly established and regularly followed by the time as of which it is to be applied." *Roberts v. Thaler*, 681 F.3d 597, 604-05 (5th Cir. 2012) (quotations omitted). "The petitioner bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his direct appeal." *Stokes*,

123 F.3d at 860.

In denying Petitioner's application as a successive writ, the Mississippi Supreme Court relied upon Mississippi Code § 99-39-27(9), which provides in relevant part that "[t]he dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this article." Miss. Code § 99-39-27(9). Petitioner has not demonstrated, or even asserted, that Mississippi courts do not strictly or regularly follow Mississippi Code § 99-39-27(9), and therefore Petitioner has not carried his burden in this regard. While the Court has located no binding authority directly on point, Mississippi Code § 99-39-27(9) appears to be strictly and regularly followed by Mississippi courts such that it would constitute an independent and adequate state procedural rule, which bars federal habeas review. *See Coleman*, 501 U.S. at 750; *see also, e.g.*, *Dunaway v. State*, 111 So. 3d 117, 118 (noting that the Mississippi Supreme Court had denied Dunaway's second application for leave to seek post-conviction relief in trial court as procedurally barred as a successive writ pursuant to section 99-39-27(9)); *Burton v. State*, No. 2006-M-00593, 2013 WL 537244, at *1 (Miss. Aug. 2, 2012) (holding in relevant part that Burton's motion for post-conviction relief was procedurally barred as a successive writ pursuant to section 99-39-27(9)); *Havard v. State*, 86 So. 3d 896, 910 (Miss. 2012) (denying Havard's second motion for post-conviction relief as time barred and as a successive writ pursuant to section 99-39-27(9)).

Petitioner appears to argue that he has shown "cause and prejudice"

sufficient to overcome the procedural bar because he charges that he was rendered ineffective assistance of counsel.  Obj. [18] at 8.  As the Magistrate Judge correctly found, Petitioner's purported language barrier did not constitute an external impediment or cause sufficient to prevent Petitioner from raising his claims in his initial motion for post-conviction relief.  *See Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010); *see also United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (considering cause with respect to a second section 2255 motion, and holding that "[n]either Flores' illiteracy, nor his deafness, nor his lack of training in the law amounts to cause either, because none of these factors was external to Flores' defense.").  Nor has Petitioner demonstrated a fundamental miscarriage of justice because he has not asserted that he is actually innocent of the underlying substantive offense for which he was convicted in state court.  *See Hughes v. Quaterman*, 530 F.3d 336, 341-42 (5th Cir. 2008).

    2.    The *Martinez* Exception

While Petitioner does not cite the case in his Objections, the substance of Petitioner's claims could be construed to implicate the United States Supreme Court's decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).  *Martinez* recognized a narrow exception to the Court's "unqualified statement in *Coleman* that an attorney's ignorance or inadvertence in a postconviction proceeding does not qualify as cause to excuse a procedural default."  *Martinez*, 132 S. Ct. at 1315.  The Court held that

      [w]here, under state law, claims of ineffective assistance of trial counsel

must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320.

It appears that the Supreme Court has read *Coleman* and *Martinez* as allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, when four conditions are present: (1) the claim of ineffective assistance of trial counsel was a substantial claim; (2) the cause consisted of there being no counsel or only ineffective counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the initial review proceeding in respect to the ineffective assistance of trial counsel claim; and (4) state law requires that an ineffective assistance of trial counsel claim be raised in an initial-review collateral proceeding. *Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013) (citing *Martinez*, 132 S. Ct. at 1318-19). Assuming without deciding that the second, third, and fourth elements of the foregoing test would be satisfied in this case, the *Martinez* exception is nevertheless inapplicable because Petitioner has not shown that any of his claims of ineffective assistance of counsel are "substantial." *See id.*[1] Therefore, the first element necessary to trigger the *Martinez* exception is not present.

---

[1]As for the fourth element, it is not clear whether the Supreme Court would find that Mississippi state law requires that an ineffective assistance of trial counsel claim be raised in an initial review collateral proceeding, rather than on direct review. This Court need not resolve this issue because Petitioner cannot demonstrate the presence of the first element of the *Martinez* exception. *See Trevino*, 133 S. Ct. at 1918.

To "demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, . . . the prisoner must demonstrate that the claim has some merit." *Martinez*, 132 S. Ct. at 1318 (citing *Miller-El v. Cockrell*, 537 U.S. 322 (2003)).  Conversely, an insubstantial ineffective assistance claim "does not have any merit" or is "wholly without factual support." *Id.* at 1319.  "*Martinez* makes this substantiality standard equivalent to the standard for obtaining a [Certificate of Appealability]." *Crutsinger v. Stephens*, 576 F. App'x 422, 430 (5th Cir. 2014).  A petitioner must therefore demonstrate that reasonable jurists would debate whether the petition states a valid claim of the denial of a constitutional right. *Reed v. Stephens*, 739 F.3d 753, 764 (5th Cir. 2014).

To establish ineffective assistance of counsel, Petitioner bears the burden of proving deficient performance and prejudice. *Strickland v. Washington,* 466 U.S. 668, 687 (1984).  Counsel's performance is deficient only if he makes errors so serious that, when reviewed under an objective standard of reasonable professional assistance and afforded the presumption of competency, he was not functioning as "counsel" guaranteed by the Sixth Amendment. *Id.* at 687-89.  Prejudice exists only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.  The Court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992).  The Court addresses each

-12-

of the purported deficiencies of Petitioner's trial counsel in turn.

C.     Petitioner's Ineffective Assistance of Counsel Claims

      1.     The Indictment Purportedly Failed to Give Petitioner Sufficient Notice

According to Petitioner,

> counsel should have objected and move [sic] for a mistrial, and filed a motion to dismiss his indictment, or a motion to quash or demurr [sic] the indictment on the grounds that the indictment failed to give him sufficient notice as to what he should have been charged with sexual battery or rape.  He was unable to prepare a defense, counsel fail [sic] to raise this issue on direct appeal.

Petition [1] at 5-9.

> The Mississippi Court of Appeals has explained that

> [t]he purpose of an indictment is to satisfy the constitutional requirement that a "defendant be informed of the nature and cause of the accusation." U.S. Const. amend. VI; Miss. Const. art. 3, § 26.  *See also* URCCC. 7.06 (Indictment must include a "plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation."). Therefore, in order for an indictment to be sufficient, "it must contain the essential elements of the crime charged." [*Peterson v. State*, 671 So.2d 647, 652-53 (Miss. 1996)] (citing *May v. State*, 209 Miss. 579, 584, 47 So.2d 887 (1950)).  "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" [*Tran v. State*, 962 So.2d 1237, 1241 (Miss. 2007)].  "[T]he language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *Id.* at 1241–42.

*Taylor v. State*, 94 So. 3d 298, 305-06 (Miss. Ct. App. 2011).

The Indictment charged Petitioner with sexual battery in violation of

Mississippi Code § 97-3-95(1)(a).  R. [10-1] at 10.  This statutes provides that "[a] person is guilty of sexual battery if he or she engages in sexual penetration with . . . [a]nother person without his or her consent . . . ."  Miss. Code § 97-3-95(1)(a). Consistent with the sexual battery statute, the Indictment charged that Petitioner

> did willfully, purposely, unlawfully and feloniously commit Sexual Battery upon B.F.M., by engaging in the act of sexual penetration, to-wit: by inserting his penis into the vagina of the said B.F.M., without the consent of the said B.F.M., contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.

R. [10-1] at 10.  The jury unanimously found Petitioner guilty of this charge.  *Id.* at 65-66.[2]

The record supports the conclusion that Petitioner had sufficient notice of the charge of sexual battery lodged against him, and the Indictment clearly informed Petitioner of the nature and cause of the accusation against him.  Petitioner has not shown that reasonable jurists would debate whether the Petition states a valid claim of the denial of a constitutional right as to this claim.  *See Reed*, 739 F.3d at 774.  Petitioner has not shown any deficient performance by counsel in the *Strickland* sense, nor has he demonstrated any prejudice.  *See Strickland,* 466 U.S.

---

[2]The forcible rape statutes provides that "[e]very person who shall have forcible sexual intercourse with any person . . ., upon conviction, shall be imprisoned for life in the State Penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment, the court shall fix the penalty at imprisonment in the State Penitentiary for any term as the court, in its discretion, may determine."  Miss. Code § 97-3-65(4)(a).  "[A]ll the elements of sexual battery pursuant to section 97–3–95(1)(a) are elements of forcible rape: sexual penetration and lack of consent."  *Purnell v. State*, 126 So. 3d 949, 952 (Miss. Ct. App. 2013).  Sexual battery "carries a less severe penalty than forcible rape."  *Id.*

at 687. There is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Accordingly, Petitioner has not shown that his ineffective assistance claim as to the purportedly deficient notice given by the Indictment or counsel's alleged ineffectiveness in this regard amounts to a "substantial claim" sufficient to overcome the procedural bar under *Martinez*. *See Trevino*, 133 S. Ct. at 1918; *Martinez*, 132 S. Ct. at 1315.

 2. The Purported Waiver of Petitioner's Right Against Self Incrimination

 Petitioner's second claim of ineffective assistance of counsel is that

 counsel caused him to waive his right against self incrimination in the case at bar. The Prosecutrix could not remember how the alleged crime took place. *See* Tr. pg. (91). Counsel advised the Petitioner that it would be best for him to give court testimony as to how the alleged assault was suppose [sic] to have not been a crime. The Prosecutrix could not give testimony as to why she did not say no to the Petitioner's advances of having sex.

Petition [1] at 6. Petitioner apparently uses the term "Prosecutrix" to refer to the victim, B.F.M.

 In the interest of brevity, the Court assumes without deciding that counsel's performance was deficient and will test such presumed deficiency for prejudice. For the reasons that follow, Petitioner has not shown that reasonable jurists would debate that any deficient performance by counsel with respect advising Petitioner to testify at trial was prejudicial to Petitioner. Petitioner has not argued that there is a reasonable probability that, but for this alleged error by counsel, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694.

In addition, B.F.M. testified at trial that she rebuffed Petitioner's sexual advances, following which Petitioner physically attacked her.  R. [10-2] at 77-79. While B.F.M. could not remember on cross-examination certain details about the exact chronology of events, *id.* at 96 (trial transcript page 91), B.F.M. testified that Petitioner penetrated her vagina with his penis without her consent, *id.* at 79-81.

After the State concluded its case-in-chief, the trial court addressed Petitioner as follows:

> Sir, the State has now put on all of its evidence in its case in chief and has rested.  You now have an opportunity to go forward with any evidence on your behalf.  You don't have to put on any evidence.  As I told the jury during voir dire, you are presumed under the law to be innocent of this charge.  You don't have to prove anything.
>
> However, you may testify on your own behalf if you so desire.  If you do, you will be subject to cross-examination by the State of Mississippi.  If you choose not to testify, I will instruct the jury that they cannot hold that against you, nor can they draw any inferences from the fact that you did not testify.
>
> This is your decision and yours alone regardless of what your lawyers may have advised you.  I'm going to give you and your lawyers an opportunity to discuss this, and then let you give me your decision.  Mr. Guidiana, do you understand?

R. [10-3] at 18-19.  Petitioner responded in the affirmative, indicating that he did understand the trial court's instructions.  *Id.* at 19.  After a short recess, trial counsel announced that "Mr. Guadiana has advised that he would like to testify." *Id.*

Petitioner took the stand and essentially testified that he and B.F.M. had engaged in consensual sexual intercourse.  Petitioner was the sole witness in

support of his defense.  R. [10-4] at 75 (witness list).  If Petitioner had not testified, B.F.M.'s testimony as to the ultimate issue of consent would have remained unchallenged.  Therefore, Petitioner did not suffer prejudice within the meaning of *Strickland* by way of counsel purportedly advising Petitioner to testify.  *See Strickland*, 466 U.S. at 694.

As for Petitioner's argument that B.F.M. "did not say no to the Petitioner's advances of having sex," Petition [1] at 6, the consent element of Mississippi Code § 97-3-95(1)(a) "only requires nonconsensual sexual penetration . . . ." *Brink v. State*, 888 So. 2d 437, 449 (Miss. Ct. App. 2004).  For example, "force or the victim's reasonable apprehension of force are not necessary elements of sexual battery." *Id.* (citing *Sanders v. State*, 586 So. 2d 792, 796 (Miss. 1991)).  B.F.M. testified that the sexual penetration occurred without her consent.  R. [10-2] at 79-81.

Based on the foregoing, Petitioner has not demonstrated that reasonable jurists would debate whether his Petition states a valid claim of the denial of a constitutional right as to this ground.  *See Reed*, 739 F.3d at 774.  Petitioner has not shown that his ineffective assistance claim regarding counsel purportedly advising him to testify is a "substantial claim" sufficient to overcome the procedural bar.  *See Trevino*, 133 S. Ct. at 1918; *Martinez*, 132 S. Ct. at 1315.

3.    The Suppression of Photos of the Alleged Victim

Petitioner charges that his counsel was ineffective in failing to object to and not moving to suppress photos of the alleged victim, which he claims showed that the victim was assaulted in 2006, rather than in 2009, when the crime for which he

-17-

was on trial occurred.  Petition [1] at 6.  While it is unclear from the Petition which photograph Petitioner is referencing, the state court record indicates that Petitioner is objecting to Exhibit S-5, which was a photograph of B.F.M.'s face.  *See* R. [10-2] at 111-12.[3]  According to Officer William Collins of the Gulfport Police Department, who was the officer who responded to the victim's call after the assault, the photograph of the victim's face showed "the swelling and redness around her eye, and her other eye [was] nearly swollen shut."  *Id.* at 112.  Exhibit S-5 also revealed that "[r]ight along her jaw line . . . she had some swelling from being struck."  *Id.*

Officer Collins testified that he took the photograph of the victim which was marked and introduced as Exhibit S-5.  *Id.* at 111.  B.F.M. testified that Exhibit S-5 was taken later on the same day she was assaulted by Petitioner, *id.* at 86,  about "three hours or so" after the sexual battery, when the police arrived at her house following the incident, *id.* at 104; *see also id.* at 80-81.  Nothing in the record contradicts the evidence that Exhibit S-5 was taken in 2009, rather than in 2006 as Petitioner alleges.

Petitioner's allegation that the photograph of the victim was actually taken in 2006 is conclusory and unsupported by the record and is insufficient to establish that he was prejudiced by counsel's alleged deficiencies.  Petitioner has not shown

---

[3]The State introduced 7 photographs as evidence, Exhibits S-1 through S-7.  R. [10-4] at 75 (exhibit list).  Only one photograph was of the victim.  *See, e.g.,* R. [10-2] at 84-85 (Exhibits S-1 through S-3 were photographs of Petitioner); 82 (Exhibit S-4 was a photograph of bicycle); 111-112 (Exhibit S-5 was a photograph of B.F.M.'s face); 116-17 (Exhibit S-6 was a photograph of Petitioner's black dress shoes); 126-27 (Exhibit S-7 was a photograph of a Walmart bag).

that reasonable jurists would find it debatable whether the Petition states a valid claim of the denial of a constitutional right as to this claim, and Petitioner cannot overcome the procedural bar.

    4.    <u>The Right to a "Fast and Speedy Trial"</u>

Petitioner asserts that he was rendered ineffective assistance of counsel because his trial "counsel waived his right to a fast and speedy trial . . . ." Petition [1] at 7. Petitioner argues that "counsel filed the Motion but did not re-raise the issue during trial or direct appeal." *Id.*

On August 25, 2009, Petitioner's trial counsel filed a combined "Request for Discovery, Demand for Speedy Trial, and Motions to Suppress." R. [10-1] at 14-19. Included in this pleading was a Motion to Dismiss, in which Petitioner argued that his right to a speedy trial under the Sixth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution had been violated. *Id.* at 16. It is unclear from the record when or if this Motion was resolved by the trial court. Petitioner's trial counsel did not reassert the Motion to Dismiss at trial. Assuming for the sake of brevity that trial counsel's performance was deficient, Petitioner has not shown that reasonable jurists would debate that any deficient performance by counsel in failing to reassert the speedy trial issue prejudiced Petitioner.

    The Fifth Circuit has

> identified four factors that structure the inquiry into whether a defendant has been deprived of his right to a speedy trial: (1) the length of delay, (2) the reason for the delay, (3) the defendant's assertion of his right to

speedy trial, and (4) prejudice to the defendant.   This four-factor balancing test eschews rigid rules and mechanical factor-counting in favor of a difficult and sensitive balancing process.

\* \* \*

[The] first factor, length of delay, performs a dual function.   Initially, it operates as a screening device.   Simply to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold that separates ordinary delay from presumptively prejudicial delay.   If the accused can make this threshold showing, we next consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim.

\* \* \*

A defendant's right to speedy trial attaches at the time of arrest or indictment, whichever comes first.   The delay between arrest or indictment and trial crosses the line from ordinary to presumptively prejudicial somewhere around the one-year mark.

*Amos v. Thornton*, 646 F.3d 199, 205-06 (5th Cir. 2011) (quotations omitted).

In the present case, Petitioner was indicted on July 27, 2009, R. [10-1] at 10, and was arrested on August 12, 2009, *id.* at 12.   It is unclear when the trial was originally scheduled to begin, but Petitioner filed a Motion for Continuance because "defense counsel need[ed] time to discuss matter with client."   *Id.* at 24.   Petitioner specifically waived his speedy trial rights "until the date the case is next called." *Id.*   The trial court reset the trial for December 14, 2009.   *Id.*   Trial ultimately commenced on December 15, 2009, R. [10-2] at 2, less than five (5) months after Petitioner was indicted, R. [10-1] at 10.

According to the Fifth Circuit in *Amos*, a delay of less than five (5) months between indictment and trial does not cross the line from ordinary to presumptively prejudicial, and thus does not trigger a speedy trial analysis.   *Amos*, 646 F.3d at 205-06.   Even if trial counsel had reasserted the Motion to Dismiss based upon the

-20-

purported violation of Petitioner's speedy trial rights, the outcome of the trial would not have changed.  Petitioner would not have been entitled to relief under any speedy trial analysis.  Petitioner cannot show a reasonable probability that, but for this alleged error by counsel, the result of the proceedings would have been different.  *See Strickland*, 466 U.S. at 694.  Petitioner has therefore failed to demonstrate that reasonable jurists would debate that any deficient performance by counsel with respect to Petitioner's speedy trial rights was prejudicial or that the Petition states a valid claim for ineffective assistance of counsel.  *See Martinez*, 132 S. Ct. 1318-19.

> 5.   Defense Counsel's Failure to Object or Move for Mistrial When the Trial Court Refused Jury Instruction D-9

Petitioner contends that he was rendered ineffective assistance of counsel because his trial "counsel did not object or move for a mistrial or a new trial on the trial court error when it refuse [sic] to give jury instruction D-9."  Petition [1] at 7.  Proposed jury instruction D-9 read as follows:

> The Court instructs the jury that reasonable doubt may arise from the whole of the evidence, the conflict of the evidence, the lack of evidence, or the insufficiency of the evidence; but, however, it arises, if it arises, it is your sworn duty to find ALFONSO RIVERA-GUADIANA "not guilty."

R. [10-1] at 55.  Petitioner claims that he was prejudiced because "the Court gave the jury instruction D-4, which addressed REASONABLE doubt, but the content of instruction D-9 was not covered in D-4."  Petition [1] at 7-8 (emphasis in

-21-

original).[4]  Petitioner acknowledges that "on appeal the State argue[d] that the circuit court adequately instructed the jury on reasonable doubt," but maintains that "instruction D-9 was proper because it was an effort to define reasonable doubt." *Id.* at 8.

The State objected to the trial court giving Petitioner's proposed jury instruction D-9.  R. [10-3] at 37.  The State argued

> that it's an attempt to define the burden of proof.  And I'd also state that it's cumulative of D-4, as well as D-3, both previously given.  And this would be the third instruction to define "reasonable doubt" – or I'm sorry to set forth the burden of proof.

*Id.*  Petitioner's trial counsel argued that "we believe it's an accurate statement of the law, so we ask that you accept it." *Id.*  The trial court concluded that it was "adequately covered in the Court's instruction, as well as the previously given defense instruction . . . ." *Id.* at 38.  Therefore, the trial court refused to give Petitioner's proposed instruction D-9.  *Id.*

On appeal to the Mississippi Court of Appeals, Petitioner's counsel argued that the trial court erred when it refused to give jury instruction D-9.  *Rivera-*

---

[4]  Jury instruction D-4, which was given to the jury, read as follows:

The Court instructs the jury that in arriving at your verdict in this case you must not indulge in speculation, conjecture or guess work, you can only act upon positive testimony introduced before you upon the witness stand.  Where there is a controverted issue of facts and the testimony fails to show beyond all reasonable doubt that the State's contention in regard to that issue of facts is true, then the presumption of law controls, and the court says to you specifically that you must find such issue in favor of ALFONSO RIVERA-GUARDIANA.

R. [10-1] at 53.

*Guadiana*, 71 So. 3d at 1222-24.  The Court of Appeals found that "the phrase 'reasonable doubt' defines itself," and that Mississippi Supreme Court precedent did not permit a jury instruction to define reasonable doubt.  *Id.* at 1124.  The Court of Appeals concluded that "the jury instructions adequately covered the State's burden of proof," and "the trial court adequately set forth the law governing the charges brought and did not err when it refused to give instruction D-9."  *Id.* at 1124-25.

Petitioner's trial counsel offered jury instruction D-9 and argued that the trial court should give the instruction to the jury.  R. [10-3] at 37.  His argument was not well taken by the trial court or by the Mississippi Court of Appeals.  There is no basis to conclude that any further objection or motion by counsel regarding instruction D-9 would have resulted in a different outcome.  Petitioner cannot show deficient performance or prejudice.  Petitioner has not demonstrated that reasonable jurists would debate whether the Petition states a valid claim for the denial of a constitutional right with respect to trial counsel's failure to object further to the trial court refusing instruction D-9.  *See Reed*, 739 F.3d at 774.  Petitioner cannot overcome the procedural bar as to this claim.  *See Trevino*, 133 S. Ct. at 1918; *Martinez*, 132 S. Ct. at 1315.

6.   Trial Counsel Did Not Properly Argue for a Directed Verdict

Petitioner next claims that his counsel was ineffective because "counsel waived his right to argue direct [sic] verdict by not properly attacking the issue during trial."  Petition [1] at 8.  This vague, conclusory allegation is insufficient to sustain Petitioner's burden of demonstrating ineffective assistance of counsel.

Moreover, Petitioner's allegation that his trial counsel failed to argue for a directed verdict is unsupported by the record.  Trial counsel made a motion for directed verdict at the close of the State's case-in-chief.  R. [10-3] at 16.  The trial court determined that the "State [had] made a prima facie case in showing each of the elements" and denied Petitioner's motion for directed verdict.  *Id.* at 18.  Trial counsel renewed the motion for directed verdict at the close of Petitioner's case, during the jury instruction charge conference, which was conducted on the record.  R. [10-3] at 36-37.  The trial court overruled the renewed motion "based on the argument that's been presented before the Court previously."  *Id.* at 37.

Petitioner's appellate counsel also argued on appeal that the verdict was against the overwhelming weight of the evidence.  *Rivera-Guadiana*, 71 So. 3d at 1225.  The Mississippi Court of Appeals explained that "[s]ex crimes seldom have third-party witnesses," and that "whether there was consent must be decided on conflicting stories from the victim and the accused."  *Id.*  Based upon the victim's testimony, which was corroborated by other evidence, the Court of Appeals found that the jury's verdict was not against the overwhelming weight of the evidence and affirmed Petitioner's conviction and sentence.  *Id.*

Petitioner has not shown any deficient performance by counsel on this ground, nor has he demonstrated any prejudice.  *See Strickland,* 466 U.S. at 687.  There is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  Petitioner has not demonstrated that this claim for ineffective assistance of trial counsel is a

substantial claim.  *See Trevino*, 133 S. Ct. at 1918 (citing *Martinez*, 132 S. Ct. at 1318-19).  Petitioner therefore has not shown sufficient cause to excuse his procedural default of this claim.  *See id.*

### III.  CONCLUSION

Petitioner failed to present any of his ineffective assistance of counsel claims to the state court in a procedurally proper manner.  Petitioner has failed to show any "cause" under the cause and prejudice test that would allow this Court to reach the merits of his claims despite the procedural bar.  No external impediment existed to prevent Petitioner from properly raising his claims in state court.  *See Flores*, 981 F.2d at 236.  Because Petitioner has failed to demonstrate that his underlying ineffective assistance of counsel claims have "some merit," the *Martinez* exception is inapplicable.  *See Martinez*, 132 S. Ct. 1318-19.  Nor will the Court's decision not to review the claims on their merits result in a fundamental miscarriage of justice because Petitioner has not alleged, much less shown, the requisite probability as a factual matter that he did not commit the crime of conviction.  *See Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citation omitted); *see also Hughes v. Quaterman*, 530 F.3d 336, 341-42 (5th Cir. 2008).  Petitioner's claims are therefore procedurally barred.  Petitioner's Objections [18] should be overruled, the Magistrate Judge's Proposed Findings of Fact and Recommendation [16] should be adopted as the finding of the Court along with the additional findings made herein, and Petitioner's Petition [1] for Writ of Habeas Corpus should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Petitioner

Alfonso Rivera-Guadiana's Objections [18] to the Proposed Findings of Fact and Recommendation [16] of United States Magistrate Judge Robert H. Walker are **OVERRULED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Magistrate Judge's Proposed Findings of Fact and Recommendation [16] is adopted as the finding of the Court, along with the additional findings made herein.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus [1] filed by Petitioner Alfonso Rivera-Guadiana is **DENIED.** This case is **DISMISSED WITH PREJUDICE.**

**SO ORDERED AND ADJUDGED**, this the 8th day of December, 2014.

_s/ Halil Suleyman Ozerden_
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

-26-